FILED

2003 OCT 21 P 12: 02

US

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH GIBSON, III | : |
| VS. | : NO. 3:02CV1592(JCH) |
| WARDEN BROOKS, LIEUTENANT KING and C.T.O. DIEFENDERFOR | : OCTOBER 19, 2003 |

## PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT

**I    RESPONSES TO DEFENDANTS' ASSERTIONS OF FACT:**

1. Agree.

2. Agree with first sentence. Disagree with second sentence. (Plaintiff's Deposition, p. 24)

3. Agree.

4. Agree.

5. Agree.

6. Agree.

7. Agree.

8. Agree that one of the administrative remedies available is that described in first sentence. Agree that defendants claim not to have made a record of plaintiff's utilization of administrative remedies concerning this matter.

9. Agree with first clause. Disagree with second clause. (Plaintiff's Deposition, pp. 16, 28)

10. Agree.

11. Agree.

12. Agree, but irrelevant for purposes of a summary judgment motion.

13. Agree, but irrelevant for purposes of a summary judgment motion.

14. Disagree. (Plaintiff's Deposition, pp. 14-22)

## II    PLAINTIFF'S STATEMENT OF MATERIAL FACTS:

1. The plaintiff, while incarcerated, was an institutional informer for a long time prior to the assault in question in this litigation. (Plaintiff's Deposition, pp. 8-14)

2. Sometime prior to the assault, the plaintiff learned that there was a hit out on him in the prison. He learned the names of the gang members assigned to make the hit on him. He informed the defendants of these facts, including the names of the people who would attempt to kill him, and asked for protection. (Id. pp. 14-28)

3. Defendant Diefenderfor assured the plaintiff that he would protect the plaintiff. (Id. pp. 17-19)

4. Three of the four named prospective hit men were moved out of the institution before they could assault the plaintiff. The fourth was not. (Id. pp. 20-21)

5. One of the reasons the plaintiff was assaulted was the fact that it had become known that he was a "snitch" for the defendants. (Id. pp. 22-23)

6. On September 16, 1999, the fourth inmate gang member, whom the plaintiff had informed the defendants would assault him, in fact slit the plaintiff's throat with a razor as the plaintiff was attempting to telephone defendant Diefenderfor. (Id. p. 23)

7. The plaintiff immediately thereafter, while being treated for his wound, complained to defendant Diefenderfor, an official of the Department of Correction, and informed him that the person who had almost killed him in fact was the very person he had told Diefenderfor would attempt to do so. (Id. p. 24)

8. Diefenderfor apologized to the plaintiff for not having protected him as he should have done and as he had promised to do. (Id. p. 25)

9. A few months after the assault, the plaintiff was released on parole and thereafter was discharged from custody. (Id. pp. 27-29)

10. The defendants had actual knowledge prior to the assault that the assailant presented an actual and immediate threat to the plaintiff's life and had assured the plaintiff that they would make an appropriate institutional transfer to protect the plaintiff but they intentionally or with deliberate indifference did not do so and thereby proximately caused the plaintiff's injuries. (Id. p. 31)

11. The plaintiff still bears the scar caused by the assault. (Id. p. 33)

12. The plaintiff still suffers from severe headaches, stiffness in his neck, trouble sleeping at night and paranoia when people are behind him, all as a result of the assault. (Id. p. 34)

13. The plaintiff has been diagnosed with posttraumatic stress disorder caused by the assault. (Id. p. 38)

        THE PLAINTIFF

BY: _____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203/562-9931
        FAX: 203/776-9494
        E-Mail: jrw@johnrwilliams.com
        His Attorney

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Robert F. Vacchelli, Esq., Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105.

_____
JOHN R. WILLIAMS