UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV -4  P 12: 02

US DISTRICT COURT
BRIDGEPORT CT

JOSEPH GIBSON, III              :       CIVIL NO. 3:02CV1592 (JCH)

v.                              :

WARDEN BROOKS, ET AL.           :       NOVEMBER 3, 2003

### DEFENDANTS' REPLY MEMORANDUM

The defendants, Warden Brooks, et al., by and through their undersigned counsel, take this opportunity to reply, briefly, to certain points raised by the plaintiff in opposition to the defendants' pending Motion for Summary Judgment, particularly on the issue of failure to exhaust administrative remedies.

Plaintiff advances two responses to the defendants' motion that the case should be dismissed for failure to exhaust prison administrative remedies as required by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). First, plaintiff claim that he did exhaust his remedies by reason of his claim that on the day he was assaulted, he verbally complained to one of the defendants. See Plaintiff's Brief, p. 6. Assuming, arguendo, that this happened, an undocumented verbal remark does not does not satisfy the exhaustion rule. Connecticut has a prisoner grievance system. Porter v. Nussle, 534 U.S. 516, 521 (2002). That system requires the filing of a written grievance, and forms are supplied by the prison. See DOC Directive 9,6, Def. Statement, Exhibit D, Forms 9602, 9601A, 9601B. Considering the ease with which verbal remarks can be falsely claimed, it is appropriate and prudent to require that grievances be in writing. Also, the PLRA requires that the inmate exhaust all available remedies, including appeals, before suit can be filed. Booth v. Churner, 532 U.S. 731, 735 (2001); Poer v. Miles,

2000 U.S. LEXIS 20620 (W.D. Tex. 2000); Berry v. City of New York, 2002 U.S. Dist. LEXIS 10520 (S.D.N.Y. 2002); Gentry v. Maxwell, 2002 U.S. App. LEXIS 9637 (6th Cir. 2002); Howard v. Sherfield, 2002 U.S. App. LEXIS 22962; Shugart v. Fleming, 2002 U.S. LEXIS 1611 (N.D. Tex. 2002); Flath v. Chavez, 2001 U.S. App. LEXIS 18125 (6th Cir. 2001); Alvarez v. United States, 2000 U.S. Dist. LEXIS 6079 (S.D.N.Y. 2000); Tripp v. Carter, 1999 U.S. LEXIS 16487 (N.D. Ill. 1999); McCrew v. Calvo, 2002 U.S. Dist. LEXIS 5900 (N.D. Cal. 2002); Hernandez-Salazar v. FMC Jail Unit, 2002 U.S. Dist. LEXIS 1169 (N.D. Tex. 2002); Thaddeus-X v. Williams, 2000 U.S. App. LEXIS 9664 (6th Cir. 2000); Utley v. Hiatte, 2000 U.S. App. LEXIS 5255 (6th Cir. 2000); Boyd v. Dept. of Correction, 2000 U.S. Dist. LEXIS 10806 (E.D. Pa. 2000); Reyes v. Punzal, 206 F. Supp. 2d 431 (W.D.N.Y. 2002). Plaintiff does not claim to have appealed any grievance action or lack of action.

Second, and apparently in the alternative, plaintiff argues that he is not required to exhaust administrative remedies because he was discharged after the incident. Plaintiff's Brief, p. 6. However, plaintiff remained incarcerated for three months after the assault. Def. Statement, Exhibit B. Under the circumstances, his failure to pursue administrative remedies where they were available precludes his federal lawsuit, and it is proper to dismiss this case with prejudice. Berry v. Kerik, 345 F.3d 126 (2d Cir. 2003).

For these reasons and those earlier argued, the defendants urge the court to render summary judgment in their favor.

DEFENDANTS
Warden Brooks, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail: robert.vacchelli@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 3rd day of ~~October~~ November, 2003:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

_____
Robert F. Vacchelli
Assistant Attorney General

3