UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GIBSON, III | : | CIVIL NO. 3:02CV1592 (JCH) |
| v. | : | |
| WARDEN BROOKS, ET AL. | : | NOVEMBER 17, 2004 |

## JOINT TRIAL MEMORANDUM

The parties in the above referenced case hereby submit the following trial memorandum:

**Trial Counsel**

    For the plaintiff:    John R. Williams, Esq.
                                    Norman A. Pattis, Esq.
                                    Katrena Engstrom, Esq.
                                    Timothy M. Mahoney, Esq.
                                    Kim Coleman Waisonovitz, Esq.
                                    Joseph M. Merly, Esq.
                                    Williams and Pattis, LLC
                                    51 Elm Street, Suite 409
                                    New Haven, CT  06510
                                    Tel.:  (203) 562-9931
                                    Fax:  (203) 776-9494
                                    E-Mail: jrw@johnrwilliams.com

    For the defendants:  Robert F. Vacchelli
                                    Assistant Attorney General
                                    Office of the Attorney General
                                    110 Sherman Street
                                    Hartford, CT  06105
                                    Tel.:  (860) 808-5450

**Jurisdiction**

The basis for the Court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

Personal jurisdiction is not contested.

1

**Jury/Non-Jury**

This case is a jury case.

**Length of Trial**

Three days.

**Further Proceedings**

Pretrial and Settlement Conference

**Nature of the Case**

For plaintiff:

This is an action by a former prison inmate, alleging that the defendants were deliberately indifferent to his serious security and safety needs, proximately causing his throat to be slit by another inmate, in violation of his right to be free from cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

For defendants:

(a)  Claims.  Plaintiff alleges a Failure to Protect civil rights claim seeking money damages under 42 U.S.C. § 1983.  Plaintiff alleges that the defendants were deliberately indifferent to his serious safety needs and in that manner violated his right to due process of law, all as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

(b)  Claims at trial.  It is expected that plaintiff will pursue all claims stated in the complaint.

(c) Defenses at trial. The defendants, generally, deny the plaintiff's contentions, except as admitted in the Answer. Moreover, they have raised several affirmative defenses including:

1. The allegations of the Complaint do not state a claim upon which relief can be granted.

2. To the extent that this case is effectively against state officials and employees in their official capacities, it is barred by the Eleventh Amendment to the United States Constitution.

3. At all times relevant to this lawsuit, the defendants acted within the scope of their duties as officials/employees of the State of Connecticut performing discretionary functions and they acted within their qualified immunity.

4. The plaintiff has failed to exhaust his administrative remedies required by the Prison Litigation Reform Act.

5. The plaintiff has failed to allege and prove the defendants' personal participation in and responsibility for the injuries alleged in the Complaint.

Earlier in the case, the court denied defendants' Motion to Dismiss alleging failure to exhaust administrative remedies (Ruling, July 30, 2003) and denied defendants' Motion for Summary Judgment raising the same issue, among others. (Ruling, September 16, 2004). Defendants will raise the same issues at trial.

(d) Joint statement of the case: No agreement.

**Trial by Magistrate Judge**

For plaintiff:

Plaintiff objects.

For defendants:

Defendants agree to a trial before a Magistrate Judge, with appeal to the United States Court of Appeals for the Second Circuit.

**List of Witnesses**

For plaintiff:

The plaintiff will testify concerning all the allegations of his complaint, including damages.

Philip Mays, MS LMFT, 5 Staunton Court, Farmington, CT 06032, will testify concerning the plaintiff's post-traumatic stress disorder proximately caused by the assault described above.

Defendant Brooks will testify concerning standard procedures within the prison and to his involvement in this case.

Defendant Diefenderfer will testify concerning standard procedures within the prison and to his involvement in this case.

For defendants (all definite):

Leslie Brooks, former Warden, Osborn Correctional Institution, 335 Bilton Road, Somers, CT, defendant, will refute the claims made against him, testify as to his actions in the case, identify and authenticate records in the case, identify and explain practices and procedures, and testify as to other issues in the case.

Glenn Diefenderfer, Lieutenant, Willard-Cybulski Correctional Institution, 391 Shaker Road, Enfield, CT, defendant, will refute the claims made against him, testify as to his actions in the case, identify and explain records and practices and procedures, and testify as to other issues in the case.

William King, Lieutenant, Osborn Correctional Institution, 335 Bilton Road, Somers, CT, will testify as to his actions in the case, identify and explain records and practices and procedures, including the results of the investigation in this matter, and testify as to other issues in the case.

Terence Rose, Major, Northern Correctional Institution, 287 Bilton Road, Somers, CT, will testify as to his actions in the case, identify and explain records and practices and procedures, including the results of the investigation in this matter, and testify as to other issues in the case.

Tommy Fountain, Correctional Officer, MacDougall-Walker Correctional Institution, 1153 East Street South, Suffield, CT, will testify as to his actions in the case and his observation of the plaintiff and circumstances, and other issues in the case.

Pedro Montanez, Correctional Officer, Willard-Cybulski Correctional Institution, 391 Shaker Road, Enfield, CT, will testify as to his actions in the case and his observations of the plaintiff and the circumstances, and other issues in the case.

Gary Armentrout, Correctional Officer (Retired), Osborn Correctional Institution, 335 Bilton Road, Somers, CT, will testify as to his actions in the case, and his observations of the plaintiff and the circumstances and other issues in the case.

Melvin Saylor, Lieutenant, MacDougall-Walker Correctional Institution, 1153 East Street South, Suffield, CT, will testify as to his actions in the case and his observations of the plaintiff and the circumstances and other issues in the case.

Timothy Burke, Captain, MacDougall-Walker Correctional Institution, 1153 East Street South, Suffield, CT, will testify as to his contacts with the plaintiff in the case and the circumstances, and other issues in the case.

Jeffrey McGill, Major, Northern Correctional Institution, 287 Bilton Road, Somers, CT, will testify as to his contacts with the plaintiff in the case and the circumstances, identify and explain records and practices and procedures, including the results of the investigation into the matter, and testify as to other issues in the case.

Richard Bedard, Detective, Connecticut State Police, Easter District Major Crimes Unit, 401 West Thames Street, Unit 501, Norwich, CT, will testify as to his investigation into the matter and other issues in the case.

Frederick M. Abrams, Detective, Connecticut State Police, Troop K, 15 Old Hartford Road, Colchester, CT, will testify as to his investigation into the matter and other issues in the case.

Susan Ducate, M.D., Expert, Psychiatrist, Department of Mental Health and Addiction Services, 410 Capitol Avenue, Hartford, CT, will testify as to plaintiff's condition, prognosis and causation and other issues in the case. Rule 26 Disclosure in Attachment D-1.

Anne Cournoyer, Department of Correction, 24 Wolcott Hill Road, Wethersfield, CT, will testify as to Inmate Grievance Administration remedies in existence at the time in issue, and other issues in the case.

Michael Phillips, Correctional Officer, Osborn Correctional Institution, 335 Bilton Road, Somers, CT, will testify as to lack of grievance filed by the plaintiff concerning the incident in issue, and other issues in the case.

**Deposition Testimony**

For plaintiff:

None.

For defendants:

None, except possibly to impeach.

**Interrogatories/Requests To Admit**

For plaintiff:

None.

For defendants:

None, except possibly to impeach.

**Exhibits**

For Plaintiff:

| | | |
|---|---|---|
| 1 | Prison records concerning plaintiff | |
| 2 | Prison records concerning the assault | |
| 3 | Medical records concerning plaintiff | |
| 4 | Photographs of crime scene | |
| 5 | Photographs of plaintiff's injuries | |

For defendants:

See Attachment D-2

**Anticipated Evidentiary Problems:**

    For plaintiff:

None

    For defendants:

Unknown at this writing.

**Motions in Limine**

    For plaintiff:

None.

    For defendants:

None at this time.

**Glossary**

    For plaintiff:

None.

    For defendants:

None.

**Trial by Jury**

    **Stipulation of Uncontroverted Facts:**

1. During all times mentioned in this action, the plaintiff was a sentenced Connecticut inmate imprisoned at the Osborn Correctional Institution. Complaint, para. 3; Answer, para. 3.

2. During all times mentioned in this action, the defendant Leslie Brooks was Warden of the Osborn Correctional Institution and the defendant Glenn Diefenderfer was a

Correctional Treatment Officer at the Osborn Correctional Institution. Complaint, para. 4; Answer, para. 4.

3. During all times mentioned in this action, the defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut. Complaint, para. 5; Answer, para. 1.

4. On September 16, 1999, at the Osborn facility, the plaintiff was attacked by another inmate. Complaint, para. 7; Answer, para. 5.

**Contested issues of fact and law:**

For plaintiff:

Whether the acts and omissions of each defendant constituted deliberate indifference to the serious security and safety needs of the plaintiff.

Whether the conduct of either defendant was sufficiently egregious to warrant an award of punitive damages against such defendant.

For defendants:

1. Whether the defendants are liable to the plaintiff for failing to protect him from assault?

2. Whether the plaintiff has alleged and proven a claim upon which relief can be granted?

3. Whether at all times relevant to the lawsuit, the defendants acted within the scope of their duties as officials/employees of the State of Connecticut performing discretionary functions and they acted within their qualified immunity?

4.     Whether the plaintiff has failed to exhaust his administrative remedies required by the Prison Litigation Reform Act?

5.     Whether the plaintiff has failed to allege and prove the defendants' personal participation in and responsibility for the injuries alleged in the Complaint?

**Proposed Voir Dire Questions:**

For plaintiff:

See Attachment P-1.

For defendants:

See Attachment D-3.

**Proposed Jury Instructions:**

For plaintiff:

See Attachment P-2.

For defendants:

See Attachment D-4.

**Jury Interrogatories:**

For plaintiff:

See Attachment P-3.

For defendants:

See Attachment D-5

THE PLAINTIFF

BY: _____
JOHN R. WILLIAMS
Federal Bar No. ct00215
51 Elm Street
New Haven, CT 06510
Tel.: (203) 562-9931
Fax: (203) 776-9496
E-Mail: jrw@johnrwilliams.com
His Attorney

Date: _____

THE DEFENDANTS

BY: _____
ROBERT F. VACCHELLI
Federal Bar No. ct05222
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
E-Mail: robert.vacchelli@po.state.ct.us
Their Attorney

Date : _____

11