UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GIBSON, III | : | |
| | : | |
| VS. | : | NO. 3:02CV1592(JCH) |
| | : | |
| WARDEN BROOKS and | : | |
| C.T.O. DIEFENDERFOR | : | NOVEMBER 26, 2004 |

## PLAINTIFF'S REQUESTS TO CHARGE

The plaintiff respectfully requests the Court to charge the jury as follows:

 1.  The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution, specifically his right to be free from deliberate indifference to his serious safety and security needs when he was a state prison inmate.  Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights.  "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, corrections officers.  In this case, the defendants have agreed and stipulated that they acted under color of law, so you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167

(1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

    2.  It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of her civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to relief if the defendants intended the actions which resulted in the violation of the plaintiff's rights or if the defendants acted in reckless disregard of the plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

    3.  If you find the defendants liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages.  There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages.  Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff.  These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other

suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

    a) The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom;

    b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

    c) Lost wages or earnings;

    d) Attorney fees or other expenses and costs of legal representation;

    e) Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of

the other types of loss I have previously discussed with you.  [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

    4.  You may also decide whether the plaintiff is entitled to the award of any punitive damages.  In a case like this one, you may consider whether acts or omissions of either defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

    1) Willful or malicious violation of the constitutional rights of the plaintiff;

    2) Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

    3) Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages. [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

     5. The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

     6. When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. The law

does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one.  [Prosser, Law of Torts, Section 46, pp. 291-95 (4th Ed. 1971); Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982).]

      7.  A supervisory officer may be held liable for a violation of the plaintiff's rights if his own conduct was a proximate cause of the violation.  A supervisory officer subjects a person to a violation of his or her constitutional rights if he (1) does an affirmative act, or (2) participates or acquiesces in another's affirmative act, or (3) omits to do something which he is required to do, and that act or omission causes the violation of which the plaintiff have complained.  Personal participation in the immediate act which violated the plaintiff's rights is not required.  It is sufficient if the supervisor sets in motion a series of acts by others, or knowingly refuses to terminate a series of acts by others, which he knows or reasonably should know would cause others to inflict the constitutional injury.  [Johnson v. Duffy, 588 F.2d

740 (9th Cir. 1978); <u>McClelland v. Facteau</u>, 610 F.2d 693 (10th Cir. 1979); <u>Sims v. Adams</u>, 537 F.2d 829 (5th Cir. 1976).]

    8. Prison walls do not form a barrier separating prison inmates from the protections of the Constitution. No static test exists that measures whether conditions of confinement are cruel and unusual, for the Eighth Amendment draws its meaning from the evolving standards of decency that mark the progress of a maturing society. [<u>Turney v. Safley</u>, 482 U.S. 78, 84 (1987); <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346 (1981); <u>Talib v. Gilley</u>, 138 F.3d 211, 214 (5th Cir. 1998).]

    9. The plaintiff in this case, Joseph Gibson, contends that the defendants, who were prison officials at the time of the events in dispute, knew that his life was in danger and failed to protect him. For the plaintiff prisoner to win his case in a matter of this kind, it is sufficient to show that a prison official acted with 'deliberate indifference' to the prisoner's health or safety. The deliberate indifference standard does not require a showing that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. [<u>Blyden v. Mancusi</u>, 186 F.3d 252, 262 (2d Cir. 1999). *Cf*., <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000).]

    10. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Therefore, prison officials

have a duty to protect inmates from violence at the hands of inmates.  To prevail on a suit based upon a deviation from or violation of that duty by a prison official, a prisoner must satisfy two requirements in order to state a constitutional violation.  He must establish first, that he was exposed to a substantial risk of serious harm, and second, 'deliberate indifference' to that risk on the part of the defendant or defendants.  Deliberate indifference requires a showing that the official knew the risk existed, but disregarded it.   [Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Spruce v. Sargent, 149 F.3d 783, 785 (8th Cir. 1998); Rodriguez v. Connecticut, 169 F. Supp. 2d 39 (D. Conn. 2001).]

                              THE PLAINTIFF

                              BY:_____
                                  JOHN R. WILLIAMS (ct00215)
                                  51 Elm Street
                                  New Haven, CT 06510
                                  203/562-9931
                                  FAX:  203/776-9494
                                  E-Mail: jrw@johnrwilliams.com
                                  His Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Robert F. Vacchelli, Esq., Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105.

_____
JOHN R. WILLIAMS