UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GIBSON, III | : | NO. 3:02 CV 1592 (JCH) |
| V. | : | |
| WARDEN BROOKS, ET AL. | : | NOVEMBER 17, 2004 |

### ATTACHMENT D-4

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**I.   GENERAL INSTRUCTIONS**

1. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.[1]

2. You are not to be concerned with the wisdom of any rule of the law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

3. It is your duty as a jury, to deliberate on this case and arrive at a decision based upon the evidence and the law.

---

[1] Paragraphs 1-27 and 31-36 are based primarily on jury instructions given by the Court in the case of Coleman v. Siedel, 533 F.Supp. 593 (D.Conn. 1980). Except as otherwise cited, the remaining paragraphs are based on instructions utilized by the Court in Weber v. Perez, Civ. No. B-90-426 (WWE) (D.Conn. March 1995).

4. Nothing I say in these instructions is to be taken as an indication that the Court has any opinion about the facts of the case. It is not my function to determine the facts, but rather it is yours.

5. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given to you in my instructions.

6. As the sole judges of the facts, you, the jury, must determine which of the witnesses you believe and what portion of their testimony you accept, and what weight you attach to it. At times during the trial the court has sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, has instructed that it be stricken from the record and that you disregard it and dismiss it from your minds.

7. You may not draw inferences from unanswered questions, nor may you consider testimony that has been stricken in reaching your decision. The law requires that your decision be made solely upon the competent evidence before you. The items that I have excluded from your consideration have been excluded because they are not legally admissible.

8. The Court will first direct your attention to certain general principles, which will guide your consideration of the matters which are in litigation, before discussing the specific facts of this case and the law applicable thereto.

9. You, ladies and gentlemen, are the sole judges of the facts. You are to find the truth as to the facts and in so doing, to recollect the testimony, and from that recollection of the testimony, including the weighing of that testimony and passing upon the credibility of the witnesses, draw your own conclusions as to what the ultimate facts of the case are. In so doing, you are not to be governed by what counsel for either of the parties in their arguments may say the testimony was, or even what the Court might say the evidence in the case was; for if your recollection of the factual evidence is different, it is your recollection that must govern.

10. If you wish to have the courtroom testimony of any witness repeated or verified, you may request the Court by a note from your foreperson, in writing, to have that part of any witness' testimony read back to you by the court reporter. For, as I previously stated, you are to be the sole judges of the facts.

11. In weighing the evidence, you are allowed to draw logical inferences from facts which you find to have been proved; but you must not go outside the evidence to find facts, nor to resort to guesswork or conjecture.

12. The law, you should accept as stated by the Court in this charge; and you should do this without regard to any claims as to the law, which may have been made by counsel for either side during the trial or during the summation arguments; also without regard to any personal convictions you may have yourself as to what the law ought to be, as it applies to the kind of case that has been presented before you here.

13. When you retire to the jury room, for your deliberations, you will have with you the pleadings, which consist of the plaintiff's complaint and the defendants' answer.

14. Now, the rights of the parties, whether the plaintiffs' or defendants', are to be determined within the framework of the statements they have set out in these papers, the pleadings. You should always bear in mind, however, that the pleadings are not evidence, but merely a formal manner of reciting what the parties' respective legal claims are.

15. In the complaint, the plaintiffs set out the facts which they rely upon for establishing the basis for the recovery of monetary damages; and in their answer, the defendants admit or deny certain allegations of the complaint, or sometimes say that they simply do not know enough about them to say whether they are true or not; which, for your purposes is equivalent to a denial of their truth. The defendants have also alleged specific Affirmative Defenses.

16. The mere fact that the plaintiff is here in Court with a claim for damages does not, of course, in and of itself, prove the truth of his allegations; nor does it necessarily follow that there is merit to his claims.

### MULTIPLE DEFENDANTS

17. In his complaint, the plaintiff alleges various acts or omissions with regard to each of the defendants. The plaintiff has the burden of proving by a fair preponderance of the evidence with regard to <u>each</u> defendant that the individual defendant against whom these acts or omissions are alleged did in fact engage in such conduct and that these acts or failure to act violated the plaintiff's rights as alleged in the complaint and were the proximate cause of the plaintiff's injury.

18. There are two defendants in this action and although the claims against each are being tried in one case for the convenience of everyone, you must remember that each defendant is being sued individually and is responsible only for his own acts.

19. You must therefore consider the plaintiff's allegations against each of the defendants and decide whether the plaintiff has proven by a fair preponderance of the evidence that the individual defendant has committed the acts or omissions which the plaintiff has alleged and that this was the proximate cause of the plaintiff's injury. By the term "proximate cause" I mean whether or not the individual conduct of the defendants as you find it was a substantial factor in causing the plaintiff's injury.

### BURDEN OF PROOF

20. Before you can find for the plaintiff, therefore, against any of the defendants you must find that the plaintiff has carried his burden of proof by proving his allegations against the defendant by a fair preponderance of the evidence.

21. Now, what do I mean by a fair preponderance of the evidence? What is the measure of this weight or burden? Well, it is simply this: the plaintiff has the burden of proving by the better evidence, the weightier evidence, that the proposition or propositions which he advances

are so, that they are true. Of course, you cannot literally weigh evidence on an imaginary pair of scales, although we use that term. But, if you could weigh evidence on an imaginary pair of scales for, or against a proposition, if it were in balance, that is, equal balance, then the burden that the plaintiff is required to meet would not be met.

22. If from all the evidence, you cannot tell whether a proposition has been sustained or not, of necessity you have to find that the burden has not been met. But, if it preponderates - that is, if the evidence produced by the plaintiff who has the burden of proof ever so slightly in his favor, then that burden has been met. You will note that the rule in a civil case does not require that proof must be beyond a reasonable doubt; such is the rule only in criminal cases.

23. It is not required that each defendant come into Court and attempt, if he does not so desire, to dispute the claims of the plaintiff or to minimize the damages which he claims; and he is not required to produce any evidence one way or another. A defendant may, of course, as both have done in this case, present such evidence as he chooses, and cross-examine the plaintiff's witnesses.

24. All of the testimony must be weighed by you, including that which is brought out on cross-examination and that which the defendant himself has presented and all the facts admitted in the pleadings and the other evidence in the case, in determining whether or not the plaintiff has established his claims, by a fair preponderance of the evidence.

25. In this case, in determining whether or not the plaintiff has established and proved by a fair preponderance of the evidence the allegations of his complaint, the Court makes reference to the words "prove" or "find" with reference to the burden which rests upon the plaintiff here. However, throughout this jury charge you will understand, when I say the plaintiff has to prove a fact to you or that you may find a fact based upon the proof in the case, I mean that he must prove to you with this degree of proof that I have just defined; that is by a fair preponderance of the evidence, even though I simply use the word "prove" or the word "find".

26. In other words, in a civil action, such as this, the burden is on the plaintiff to prove this claim by a preponderance of the evidence. If he should fail to do so, then you should find for that defendant. To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

27. Putting it another way, "establishing something by a preponderance of the evidence" means that you are convinced what is claimed to have happened, most likely did so. It is the plaintiff's burden to produce evidence, if he can, that will convince you that the actions of a defendant as applied to the plaintiff violated the law.

### DIRECT/CIRCUMSTANTIAL EVIDENCE

28. There are, generally speaking, two types of evidence from which a jury may properly find the facts in a case. One is direct evidence, such as the testimony of an eyewitness or a participant, a person who was there or who saw or heard something. The other is indirect or what is often referred to as circumstantial evidence -- the proof of chain of circumstances pointing to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but it does require that you the jury find the facts in accordance with a fair preponderance of all the evidence you find credible in the case, both direct and circumstantial.

29. The party upon whom rests the burden of proving a fact or issue has sustained that burden if all of the evidence, including both that presented by the plaintiff and that presented by the defendant considered fairly and impartially, induces in your mind a reasonable belief that it is more probable than otherwise that such fact or issue is true.

30. In this connection, however, I must caution you, that while you may make deductions and draw conclusions from proven facts, you may not draw inferences from other inferences. Likewise, you must not resort to speculation, conjecture or guesswork in order to determine critical facts in the case. This rule applies to the liability and damage issues in the same manner as it applies to the remainder of the factual issues.

### WITNESSES

31. Now in respect to the credibility of witnesses: The credibility of witnesses and the weight to be given to their testimony are matters, which it is peculiarly your function to determine.

32. In weighing the testimony of a witness you should consider his or her appearance upon the witness stand; you should try to size the witness up; you should have in mind all those little circumstances which point up to his truthfulness or untruthfulness. You should consider any possible bias or prejudice he may have, whether for or against the plaintiffs or the defendants; his interest or lack of interest, of whatever sort in the outcome of the trial and whether he has permitted bias or interest to color his testimony; his ability to observe the facts correctly and to remember and relate them truly and accurately and not exaggerate them.

33. You should test the evidence the witness gives by your own knowledge of human nature and of the motives which influence and control human action. If any facts are admitted or otherwise proved to you, you may well bring them into relation with the witnesses' testimony and see if they fit together with it. In short, you are to bring to bear upon such testimony the same conditions and use the same sound judgment you apply to the questions of truth and veracity which are daily presenting themselves for your decision in your everyday life.

34. The credit that you will give to the testimony offered by the various witnesses is, as I say, something which you must determine. When a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear in mind, and scrutinize the

whole testimony of that witness. Thus, if you find that there has been inaccuracy in one respect on the part of a witness, remember it in judging the rest of his testimony, and give it that weight which your common sense leads you to think it ought to have, and which you would attach to it in ordinary affairs of life.

35. If, however, you conclude that a witness has not only testified falsely but that he had done so intentionally or willfully, the fact casts a very serious doubt upon all his testimony, and you might well conclude that you cannot accept any of it.

36. The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to persons we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matter, in which they profess to be expert, and may also state their reasons for the opinion.

37. The law also permits you to consider the criminal conviction record of a witness or party in assessing his credibility and whether he is being truthful. Rule 609(a), F.R.Evid.

## II. FEDERAL CLAIMS

### Instructions on 42 U.S.C. § 1983

### The Statute

38.  The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who has been deprived of their constitutional (or statutory) rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction of thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Authority:** Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

### Burden of Proof

39. The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendants.

The defendants have the burden of proving each element of their affirmative defenses. If you find that any one of the elements of the defendants' defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

**Authority:** Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

### Elements of a Section 1983 Claim

40. To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

**Authority:** Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

### First Element - Action Under Color of State Law

#### Definition

41. The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color or any statute, ordinance, regula-

tion, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. It is not disputed in this case that each of the defendants acted under color of law, so this is not an issue for you to decide.

**Authority:** Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1880).

### Second Element - Deprivation of Right

42.   The second element of plaintiff's claim is that he was deprived of a federal right by the defendants. In order for the plaintiff to establish the second element, he must show three things by a preponderance of the evidence: first, that a defendant committed the acts alleged by the plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and, third, that in performing the acts alleged, the defendant acted intentionally or recklessly.

**Authority:** Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

### State of Mind - General

43.   I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendants acted intentionally or recklessly. If you find that the acts of the defendants

were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.

**Authority:** Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

### State of Mind - Intentional

44. An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Authority:** Modern Federal Jury Instructions, § 87.03, Instruction 87-76.

### State of Mind - Recklessness

45. An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Authority:** Modern Federal Jury Instructions, § 87.03, Instruction 87-77.

### State of Mind - Negligence

46. An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.

**Authority:** Modern Federal Jury Instructions, § 87-03, Instruction 87-78.

## EIGHTH AMENDMENT – CRUEL AND UNUSUAL PUNISHMENT

47.  The federally protected right asserted by the plaintiff is the Eighth Amendment to the Constitution of the United States, which prohibits the infliction of cruel and unusual punishment even upon a convicted felon such as this plaintiff. Ingrham v. Wright, 430 U.S. 651, 654, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

48.  You should understand, however, that not every governmental action affecting the interests or well being of a prisoner comes within the scope of the Eighth Amendment. Only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 86 L.Ed.2d 251 (1986).

49.  To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety. Whitley v. Albers, supra at 319.

50.  An inmate injured in prison may maintain an action for damages for deprivation of his civil rights under the Eighth Amendment if prison officials acted intentionally, recklessly, or with deliberate indifference to his safety. Mere negligence will not rise to a constitutional violation. Hayes v. N.Y.C. Dept. of Corrections, 84 F.3d 614, 620 (2nd Cir. 1996); Hendricks v. Coughlin, 942 F.2d 109, 113 (2nd Cir. 1991); Stubbs v. Dudley, 849 F.2d 83, 86 (2nd Cir. 1988); Johnson v. Meachum, 839 F.Supp. 953 (D.Conn. 1993); Kimbrough v. Robinson, 1984 U.S. Dist. LEXIS 23811 (D. Conn. 1984).

51.  The deliberate indifference standard embodies both an objective and a subjective prong. Objectively, the deprivation must be "sufficiently serious" in the sense that the prisoner must have been incarcerated under conditions posing a substantial risk of serious harm, i.e., a

condition of urgency, one that may prove death, degeneration or extreme pain. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); <u>Dawes v. Walker</u>, 239 F.3d 489, 493 (2nd Cir. 2001); <u>Hathaway v. Coughlin</u> (<u>Hathaway II</u>), 37 F.3d 63, 66 (2nd Cir. 1994), citing <u>Nance v. Kelley</u>, 912 F.2d 605, 607 (2nd Cir. 1990)(Pratt, J. dissenting).

52. Subjectively, the charged official must have acted with a sufficiently culpable state of mind. That subjective element requires proof that the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." <u>Farmer v. Brennan</u>, <u>supra</u> at 837; <u>Hathaway v. Coughlin</u> (<u>Hathaway III</u>), 99 F.3d 550, 553 (2nd Cir. 1996); <u>Hayes v. N.Y.C. Dept of Correction</u>, <u>supra</u>; <u>Colman v. Vasquez</u>, 142 F.Supp.2d 226, 237 (D.Conn. 2001).

53. An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned at the infliction of punishment under the Eighth Amendment. <u>Farmer v. Brennan</u>, <u>supra</u> at 838.

54. In addition, in making these judgment, you shall not base your decision upon the 20/20 vision of hindsight. You must put yourselves in the place of the defendants during the very moments when these events were occurring and judge their actions as of that time and under those circumstances. <u>Graham v. Connor</u>, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033-1034 (2nd Cir.), <u>cert. denied</u> 414 U.S. 1033 (1973).

55. An isolated omission to act by a state prison guard does not support a claim under Section 1983 absent circumstances indicating an evil intent, or recklessness, or deliberate indifference to the consequences of his conduct for those under his control and dependent on him. <u>Bass v. Jackson</u>, 790 F.2d 260, 263 (2nd Cir. 1986).

56. In this regard, you must remember that the plaintiff has sued specific defendants. It is not enough for the plaintiff to prove that he was harmed by a correctional officer. He must prove that he was harmed as he alleges in his complaint. The plaintiff must prove the extent of his injuries by a fair preponderance of the evidence.

57. If you find that any harm or injury which the plaintiff experienced was not serious, then you should render your judgment for the defendants because the Constitution does not concern itself with de minimis harms. Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed. 2d 271 (1991); Hudson v. McMilliam, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Romano v. Howarth, 998 F.2d 101, 105 (2nd Cir. 1993).

**FOURTEENTH AMENDMENT – DUE PROCESS**

58. Plaintiff also alleges that the events in this case constitute a violation of his due process rights under the Fourteenth Amendment to the United States Constitution. Any protection that "substantive due process" affords a convicted prisoner is at best redundant of that provided by the Eighth Amendment. Graham v. Connor, supra at 395 n.10 (1989) citing Whitley v. Albers, supra at 327 (1986); Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1067 (2nd Cir. 1989); Kimbrough v. Robinson, supra.

**SUPERVISORY LIABILITY**

59. Plaintiff claims that a supervisor of his prison in this case should also be held liable for cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising officials and the alleged constitutional deprivation. Mere supervisory status, without more, will not create liability. In order to prove a violation under the Eighth Amendment in this

case, the plaintiff must prove each of the following three elements by a preponderance of the evidence:

First: That defendant was in some way responsible for supervision concerning the plaintiff;

Second: That the plaintiff's constitutional rights were violated during the period of time that the defendant was employed by the State Police;

Third: That defendant was either personally involved in the unconstitutional conduct that caused the plaintiff's injury or that the deprivation of constitutional rights took place at the direction of defendant or with his knowledge and acquiescence.

As to the third element, a supervisor may be personally involved in a constitutional deprivation in several ways. For instance, the supervisor may have directly participated in the infraction or after learning of the violation through a report or appeal, may have failed to remedy the wrong. The supervisor may have created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. Further, the supervisor may have exhibited deliberate indifference to the rights of the plaintiff by failing to act on information indicating that unconstitutional acts were occurring. City of Oklahoma v. Tuttle, 471 U.S. 808, 818, 105 S.Ct. 2477, 2433 (1985); Horowitz v. Anker, 437 F.Supp. 504 (E.D.N.Y. 1977), aff'd. mem., 578 F.2d 1368 (2d Cir. 1978); McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1977); Williams v. Vincent, 508 F.2d 541, 546 (2d Cir. 1974); Williams v. Smith, 781 F.2d 313, 323 (2nd Cir. 1986); Williams v. Vincent, 508 F.2d 541, 546 (2nd Cir. 1974).

### **FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

60. Another issue in this case is whether the plaintiff is barred from bringing this lawsuit for failure to exhaust prison administrative remedies. The Federal Prisoner Litigation Reform Act of 1995, a law enacted to help bring relief to a civil justice system overburdened by frivo-

lous prisoner lawsuits, provides that "No action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." This rule applies in this case, and the evidence in this case shows that the Connecticut Department of Correction had an administrative remedy available to the plaintiff in the form of its Inmate Grievance procedure, Directive 9.6. 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 531, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Berry v. Kerik, 345 F.3d 126 (2nd Cir. 2003); Ortiz v. McBride, 380 F.3d 649, 663 (2nd Cir. 2004).

61. To satisfy the exhaustion requirement, plaintiff must exhaust, in writing on DOC forms, all steps in the DOC grievance procedure, including any appeals which may be available. However, where a favorable determination is received on an early step, no further appeal is required. Booth v. Churner, supra at 735-36; Ortiz v. McBride, supra at 653; Ziemba v. Clark, 2003 U.S. Dist. LEXIS 22117 (D. Conn. 2003); Hemphill v. New York, 198 F. Supp. 2d 549 (S.D.N.Y. 2002); Reyer v. Ponzal, 206 F.Supp. 2d 431 (W.D.N.Y. 2002).

62. Oral complaints do not suffice to exhaust administrative remedies where the complaint is of no avail. Ortiz v. McBride, supra at 654.

63. I leave it to you, as the triers of fact, to decide whether the facts proven in this case show satisfaction of the exhaustion of administrative remedies requirement.

**QUALIFIED IMMUNITY**

64. If you find that none of the defendants deprived the plaintiff of his Fourth Amendment rights, then you need not consider any of the defendants' special defenses. However, in the event that you should find that any of the defendants did deprive the plaintiff of his Eight or Fourteenth Amendment rights, the defendants still may not be liable to the plaintiff. This is so because in a Section 1983 action, an individual defendant, sued in his individual capacity, may

be entitled to what is called qualified immunity. The defendants in this action are sued in their individual capacities.

Qualified immunity shields a defendant official from liability provided that his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. I instruct you that at the time of the incident giving rise to this lawsuit, it was clearly established law that persons enjoy a right protected by the Eighth and Fourteenth Amendment not to be subject to cruel and unusual punishment. However, even where rights are clearly established, a defendant official will be entitled to qualified immunity if it was objectively reasonable for him to believe that his actions in those circumstances did not violate that clearly established right.

In other words, an individual defendant will not be entitled to qualified immunity if, at the time the actions complained of he knew or should have known that his actions were contrary to federal law. The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity, nor is the fact that a defendant was unaware of the federal law.

In deciding what a competent official would have known about the legality of the challenged conduct, you must consider the nature of a defendant's official duties, the character of his official position, the information which was known to him or not known to him, and the circumstances which confronted him. You must ask yourself what a reasonable official in each defendant's situation would have believed about the legality of his conduct. You may also use your common sense. If you find that a reasonable official in a defendants' situation would believe this conduct to be lawful, then this element will be satisfied.

The defendants have the burden of proving that they neither knew nor should have known that their actions violated federal law. If a defendant convinces you by a preponderance of the