evidence that he neither knew nor should have known that his actions violated federal law, then you must return a verdict for that defendant, even though you may have previously found that defendant in fact violated the plaintiff's constitutional rights under color of state law. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 ,97 L.Ed.2d 523 (1987); Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); Whitley v. Albers, supra.

### Individual Liability

65.     Let me point out at this juncture, and stress, that you must consider the actions of each defendant individually in determining whether or not to find liability under any of the plaintiff's theories. Particularly with respect to the Constitutional violations, personal involvement and responsibility in the constitutional deprivation is a prerequisite to an award of damages. Also, supervisory responsibility alone is not enough to confer liability. You must find a tangible connection between the acts of a defendant and any injuries suffered. In other words, you most consider the case against each defendant and make a determination against each defendant. They do not rise and fall together.

**Authority:** Gill v. Mooney, 824 F.2d 192, 196 (2nd Cir. 1987); McKinnon v. Patterson, 568 F.2d 930, 934 (2nd Cir. 1977) cert. denied 434 U.S. 1087 (1978); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2nd Cir. 1987); Black v. United States, 534 F.2d 524, 527 (2nd Cir. 1976); Williams v. Smith, 781 F.2d 313, 323 (2nd Cir. 1986); Williams v. Vincent, 508 F.2d 541, 546 (2nd Cir. 1974); Bass v. Jackson, 790 F.2d 260, 263 (2nd Cir. 1986).

### IV. DAMAGES

66.     If you find that the plaintiff has proven his claims, then he is entitled to recover compensatory damages for each and every element of damage and injury which he has proven by a fair preponderance of the evidence was caused by the illegal activity of the defendants. That is,

any injury that would not have occurred if not for the deprivation of the constitutional right or other illegal act of the defendants.

Damages in this case fall into several general categories. I will instruct you on those separate categories in a moment.

**Authority:** Nettles v. Griffith, 883 F.Supp. 136 (E.D. Tex. 1995); Morrison v. Stepanski, 839 F.Supp. 1130 (M.D. Pa. 1993); Ryan v. DuPage City, Jury Comm'n, 837 F.Supp. 898 (N.D. Ill. 1993).

67. Before I begin, I want it to be clear to you that just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable. Alright then, there are three types of damages to consider. The first is compensatory damages.

## Compensatory Damages

68. If you conclude that the plaintiff was deprived of his constitutional rights, or if you determine that he has proved his state law case, and you determine that a defendant was not justified or immune, then it will be your duty to determine what sum should be allowed him as damages.

The plaintiff is entitled to recover the amount of his actual damages. You may award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you may award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been proximately caused by the defendants in violation of Section 1983. That is, you may not simply award actual damages for any injury suffered by plaintiff - you must award actual damages only for those injuries that are a direct result of actions by the defendants and that are a direct result of conduct by the defendants which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and the lawful inferences that arise from that evidence.

**Authority:** Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d (1983); Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Batista v. Weir, 340 F.2d 74 (3d Cir. 1985); Familas Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980).

69. Not all actual damages need be of the tangible variety just discussed to be compensable. The plaintiff may also recover actual damages for more intangible injuries such as embarrassment, or emotional distress. However, where plaintiff's evidence consists of only his own testimony or he produces no medical evidence to support his claim of emotional distress, he is entitled to nothing more than nominal damages.

**Authority:** Cohen v. Board of Education, 728 F.2d 160, 162 (2nd Cir. 1984).

### Causation and Damages

70. I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been proximately caused by the defendants in violation of Section 1983. An act is the proximate cause of a harm if the act is a substantial factor causing the harm. You must distinguish between, on the one hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that a defendant deprived the plaintiff of his rights, you must ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation caused the damages that he claims to have suffered.

If you find that the damages suffered by the plaintiff were partly the result of conduct by the defendants that was legal and partly the result of conduct by them that was illegal, you must apportion the damages between the legal and the illegal conduct - that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.

**Authority:**  Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Mount Healthy City School Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); Allen v. Autauga County Bd. of Ed., 685 F.2d 1302 (11th Cir. 1982); Gentile v. County of Suffolk, 926 F.2d 142 (2nd Cir. 1991).

## Nominal Damages

### Damages for the mere fact of violation

71.    If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of ten dollars.

Nominal damages may be awarded when the plaintiff has been deprived by the defendants of a Constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a Constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a Constitutional deprivation, you may award nominal damages not to exceed ten dollars.

**Authority:**  Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980); Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982).

## Punitive Damages

72.    You may also decide whether the plaintiff is entitled to the award of any punitive damages under federal civil rights laws. In a case like this one, you may consider whether acts or omissions of one or more defendants, if you find them to have been proved, were so serious that the defendants should pay a penalty so that in the future, they or others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be

based on whether you find that the defendants or any one of them, engaged in any of the following things:

a. willful or malicious violation of the plaintiff's Constitutional rights;

b. an intentional act by the defendants in gross disregard of the plaintiff's rights; or

c. reckless or wanton disregard by the defendants as to whether or not they were violating the plaintiff's rights.

If you find any one of these three things to have been proven then you are free to award punitive damages.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, even if the plaintiff can show only limited damages or other injury as a result of the defendants' actions, if these actions were deliberate, willful or made with reckless disregard of plaintiff's rights, punitive damages are appropriate.

**Authority:** Smith v. Wade, 461 U.S. 30 (1983); Stobler v. Board of Trustees, 474 F.2d 485 (2d Cir. 1973).

### Attorneys' Fees

73. Lastly, should you reach the issue of damages, I instruct that you may not award, as a component of the plaintiff's damages, any sum intended to cover the attorneys' fees that may have been incurred by the plaintiff with respect to this litigation. This issue is dealt with in a separate proceeding and is not one for you to decide.

**Authority:** See Jury Charge by Cabranes, J., Albert, et al. v. Depinto, et al., Civil No. H-82-511 (JAC).

### Only one recovery

74. In considering damages in general, the plaintiff puts forth several grounds for liability. If you find liability, you may award damages to compensate for the injury, but you may not award damages twice for the same injury. Having recovered for an injury once, the plaintiff

23

cannot be compensated a second time for the same injury. Virgo v. Lyons, 209 Conn. 497, 551 A.2d 1243 (1988).

DEFENDANTS
Warden Brooks, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5591
Federal Bar No. #ct05222
e-mail: Robert.vacchelli@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 17th day of November, 2004:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

_____
Robert F. Vacchelli
Assistant Attorney General