# ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH GIBSON, III           :
                             :
                             :
v.                           :   CIV. NO. 3:02CV1592 (JCH)
                             :
BROOKS, ET AL                :
                             :
                             :

## SCHEDULING ORDER

A settlement conference was held on December 10, 2004. After discussion and with agreement of the parties the following schedule was entered.

Plaintiff will produce all of his treating records on or before Monday, January 10, 2005. Defendants' deposition of plaintiff's treating physician will be held on or before Monday, January 31, 2005. The parties are encouraged to schedule the deposition as soon as possible to assure the doctor's availability for deposition in January.

The parties agreed that dispositive motions will not be filed. They estimate three days of evidence at trial. This case will be trial ready after February 1, 2005.

SO ORDERED at Bridgeport this 15th day of December 2004.

           /s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT B

Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------
JOSEPH GIBSON, III,        )
         Plaintiff,        )
                           )
    vs                     )
                           )
WARDEN BROOKS, ET AL,      ) 3:02 CV 1592 (JCH)
         Defendants.       )
---------------------------

ORIGINAL

---------------------------------------------
                COMMENTS OF COUNSEL
---------------------------------------------

Taken before Tina M. Davis, Stenographer and
Notary Public in and for the State of Connecticut,
pursuant to notice, at the State of Connecticut
Attorney General, 110 Sherman Street, Hartford,
Connecticut, on Wednesday, January 12, 2005
scheduled to commence at approximately 10:00 a.m.

Tina M. Davis
Court Reporter
Brandon Reporting Service
44 Capitol Avenue
Hartford, CT 06106
(860) 549-1850

Page 2

```
 1    A P P E A R A N C E S :

 2

 3       Representing the DEFENDANT

 4    WARDEN BROOKS, ET AL

 5          ROBERT F. VACCHELLI, ESQ.
            STATE OF CONNECTICUT
 6          ASSISTANT ATTORNEY GENERAL
            110 Sherman Street
 7          Hartford, Connecticut 06105

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

I N D E X

1
2
3  COMMENTS OF COUNSEL
4  ------------------------------------------------
5                                              Page
6  BY MR. VACCHELLI.............................5
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 4

```
 1                    I N D E X
                    E X H I B I T S
 2

 3                                                    Page
     No.        Description
 4
                                                       5
 5    A    Subpoena Duces Tecum

 6

 7

 8      * Reporter's Note: Exhibits retained by
              ROBERT F. VACCHELLI, ESQ.*
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    (The comments of counsel commenced
2        at approximately 10:25 a.m.)

3

4    MR. VACCHELLI: This is the deposition of
5    Dr. Phillip Mays, which was noticed for today,
6    January 12, 2005 at 10:00 a.m.
7        It is now a little after 10:25, and Dr. Mays
8    has not appeared.
9        I should note for the record that I called
10   his office three times before the deposition to schedule
11   one and only reached his telephone answering machine and
12   never got a return phone call. I also had a subpoena
13   served and have received a return today indicating that
14   in-hand service was made.
15       I'll ask that this be marked
16   Defendants' Exhibit A.

17

18       (Defendants' Exhibit No. A, Subpoena Duces
19       Tecum, marked for identification.)

20

21   MR. VACCHELLI: Additionally, I'd like to
22   note for the record that we have not received any phone
23   calls from Dr. Mays requesting a postponement or delay
24   in the deposition.
25       I just called his office again to ask about

Page 6

1  his attendance and only received answer by the answering
2  machine again.
3           With that, we'll conclude the deposition at
4  this time.
5
6
7           (The comments of counsel concluded
8               at approximately 10:26 p.m.)

Philip Mays

wering

on at

CERTIFICATE

1
2
3
4
5
6   I, Tina M. Davis, Registered Professional
7   Reporter, do hereby certify that the
8   foregoing testimony is a true and accurate
9   transcription of my stenographic notes to
10  the best of my knowledge and ability.
11
12  WITNESS MY HAND, this 13th day of
13  January 2005.
14
15
16
17  _____
18       Tina M. Davis, Court Reporter
19
20
21
22
23
24
25

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF    CONNECTICUT

Joseph Gibson, III

V.

Warden Brooks, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:02CV1592 (JCH)

TO: Dr. Philip Mays
5 Staunton Ct.
Farmington, CT 06032

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Office of the Attorney General<br>110 Sherman Street, Room 201, Hartford, CT | 1/12/05  10 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

1. Pertinent medical records concerning plaintiff in the above case.
2. Expert Report, if any, concerning plaintiff and covering witnesses' expected testimony in the above case.

| PLACE | DATE AND TIME |
|---|---|
| Office of the Attorney General<br>110 Sherman Street, Room 201, Hartford, CT | 1/12/05  10 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Robert F. Vacchelli  AAG, Attorney for defendants | 12/28/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert F. Vacchelli, Assistant Attorney General
110 Sherman Street, Hartford, CT 06105     Tel.: (860) 808-5450

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



☐ Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | January 7, 2005 | Exchange Mall<br>Farmington Avenue<br>Farmington, Ct. 06032 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Dr. Philip Mays | IN "HAND" |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Robert J. Tasillo | State Marshal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   January 10, 2005
DATE

Service: 30.00
Copies:   2.00
End:       .80        Wit.Fee: 47.50 Pre-Paid
Travel: 10.50
Total:  43.30

SIGNATURE OF SERVER

30 Woodland Street Hartford, Ct. 06105
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# ATTACHMENT C

UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF CONNECTICUT   2003 MAY -2 P 1:...

CIVIL NO. 3:02CV1592(JCH)
BRIDGEPORT CT

I                     :

                      :

. ET AL.              :     MAY / , 2003

### TION FOR ORDER COMPELLING DISCLOSURE

s, Warden Brooks, et al., by and through their undersigned counsel an

, F.R.Civ.P., respectfully request the Court to order the plaintiff to provid

iedical records releases to permit them to obtain records of his medic:

leged in this case.

DEFENDANTS
Warden Brooks, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _[signature]_
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail: robert.vacchelli@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

---

[Sideways handwritten order in left margin:]

Motion to Compel granted in part. Plaintiffs are to request all medical records called for in Requests for Production 1 through 5 attached to Affidavit of Robert Vacchelli within 14 days of this Order, and to produce all responsive documents within 14 days of their receipt from any medical provider. Any documents withheld must be described and the basis for withholding disclosed to defendants. Failure to abide by either of these two deadlines will result in the order of the court for plaintiff to deliver releases as requested by defendants. The court notes that the medical records should already have been produced pursuant to the request for production, absent a release having been given.

SO ORDERED. 6/18/03

_[signature]_ Janet C. Hall, USDJ

2003 JUN 18 P 2:34