UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GIBSON, III | : | CIVIL NO. 3:02CV1592 (JCH) |
| v. | : | |
| WARDEN BROOKS, ET AL. | : | APRIL 12, 2005 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO MODIFY
DISCOVERY SCHEDULE TO ALLOW FURTHER DISCOVERY**

By pleading dated March 31, 2005, the plaintiff former inmate in the above matter asks the court to permit him more time to conduct further discovery in this case.

Plaintiff justifies his request by claiming that, during trial, the defendant Diefenderfer testified that he never spoke to or met with the plaintiff at any time on September 13, 14, 15 or 16, 1999. He asks the court to allow him to look for prison videotapes and prison log books "throughout the prison" which might (or might not) prove otherwise. We urge the court to deny the request for the following reasons.

**1. Delay**

Plaintiff's delay is enough grounds for denying a request for extension of time to permit additional discovery. <u>Courdert v. Janney Montgomery Scott, LLC</u>, 2004 U.S. Dist. LEXIS 21135 (D. Conn. 2004) citing <u>Lillibask ex rel. Mauclaire v. Sergi</u>, 193 F. Supp. 2d 503, 516 (D. Conn. 2002). In the instant case, the court ordered discovery to be completed by July 13, 2003. <u>See</u> Endorsement on Motion to Extend Time Docket #16. That time has long since passed. In fact, plaintiff's own failure to comply with disclosure deadlines has resulted in preclusion of his

purported medical expert.  See  Order of March 21, 2005, Docket #68.  His request to conduct more discovery now is too late and should be rejected.

**2.     Surprise**

Plaintiff justifies his failure to conduct this discovery earlier by claiming surprise.  He states that, to his surprise, during trial, the defendant Diefenderfer denied that he spoke to or met with plaintiff at any time on September 13, 14, 15 or 16, 1999.  Plaintiff's Motion, para. 3.  Considering the fact that plaintiff never deposed the defendant Diefenderfer, nor prepared any Interrogatories or Requests for Production in this matter, he has no justification for claiming surprise at anything Mr. Diefenderfer might say.

**3.     Overly Broad, Vague, Burdensome And Not Calculated To Lead To The Discovery Of Admissible Evidence**

Another grounds for denial of late discovery requests is that plaintiff's request is nothing more than a hunt for information of marginal (if any) relevance.  Coudert v. Janney Montgomery Scott, LLC, supra.  "[P]arties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."  In re Surety Ass'n of America, 388 F.2d 412, 414 (2nd Cir. 1967) (quotation omitted).

In this instant case, plaintiff presents no justification for his speculation that log books or videotapes "throughout the prison," if they still exist, would show Mr. Diefendenfer meeting with plaintiff, let alone disclosing the content of the communication showing any relevancy to the issue in this case:  whether plaintiff notified staff that four inmates were out to assault him.  Plaintiff seeks permission for a proverbial "fishing expedition," never ordinarily permitted and certainly not justifiable now at this late date in the proceedings.

**4.     Prejudice**

Discovery is not without limitation. The court has a duty to ensure that discovery requests are reasonable. Rule 26(b)(2), F.R.Civ.P.; <u>James v. Tilghman</u>, 194 F.R.D. 398, 400 (D. Conn. 1999). The trial in this case started on March 21, 2005. A mistrial was declared on March 22, 2005 due to juror concern for their security. In planning a retrial, the undersigned informed the court that he would be out of the office during the week of April 25, 2005. The retrial has been rescheduled to start on May 3, 2005. Although co-counsel will be available to respond to action in this case in the absence of the undersigned, the diversion of resources from trial preparation to responding to plaintiff's discovery requests under this tight schedule and circumstance will prejudice defendants.

Plaintiff's contention that this exercise will not prejudice defendants because the request is not directed at them, rather it is directed at the prison record keeper, is incorrect. Defendants' counsel represents the Department of Correction and will need to respond to the legal process. Conn. Gen. Stat. § 3-125. The exercise will divert defendants' counsel from helping defendants prepare for retrial.

For all of the foregoing reasons, we urge the court to deny plaintiff's request.

                                        DEFENDANTS
                                        Warden Brooks, et al.

                                        RICHARD BLUMENTHAL
                                        ATTORNEY GENERAL

                                BY:     _____/s/_____
                                        Robert F. Vacchelli
                                        Assistant Attorney General
                                        110 Sherman Street
                                        Hartford, CT  06105
                                        Federal Bar #ct05222
                                        E-Mail: robert.vacchelli@po.state.ct.us
                                        Tel: (860) 808-5450
                                        Fax: (860) 808-5591

3

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 12th day of April, 2005:

Joseph Merly, Esq.
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

                                                                                                      /s/
                                                 Robert F. Vacchelli
                                                 Assistant Attorney General