UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GIBSON, III, | : | No. 3:02CV1592 (WWE) |
| *Plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| WARDEN BROOKS, ET AL. | : | |
| *Defendants.* | : | MAY 3, 2005 |

## MOTION IN LIMINE
## TO PRECLUDE EVIDENCE CONCERNING RECENT ASSAULT ON PLAINTIFF

This is a civil rights case filed by the plaintiff, Joseph Gibson, III, formerly an inmate at the Osborn Correctional Institution, complaining that officers failed to protect him from assault on September 16, 1999.  Plaintiff alleges that he was working as a confidential informant, giving information about the location of weapons in the prison, and information about the Latin Kings gang.  Defendants knew him to be a high ranking member of that gang and an enforcer for the gang.  Plaintiff claims he told officers in advance that four other inmates were out to assault him for debts owed and because they believed he was an informant, that officers said they would take care of it, that three were moved out, but a fourth, Inmate Figueroa, was not moved in time and assaulted him.  Defendants deny the allegations.  Recently, he reported that he was stabbed again.  Defendants have received no record proof from plaintiff of the recent event.  We request an order of the court preventing him from testifying about his most recent assault and/or attributing it to defendants for lack of relevancy and lack of causal evidence of personal participation or responsibility on the part of the defendants and due to its potential to be prejudicial.

**STANDARD OF REVIEW**

The motion in limine, while not specifically authorized by statute or the Federal Rules of Evidence, arises under the Court's inherent authority to manage the course of trial proceedings under F.R.E. Rule 103(c). Luce v. United States, 469 U.S. 38, n. 4, 105 S.Ct. 460, 463, n.4, 83 L.Ed.2d 443 (1984). This authority includes granting a motion in limine to exclude irrelevant evidence pursuant to F.R.E. Rules 402 and 403. U.S. Football League v. National Football League, 634 F.Supp. 1155, 1165 (D.C.N.Y. 1986). The proper resolution of a motion in limine rests within the sound discretion of the court.

**ARGUMENT**

The relevant provisions of the Federal Rules of Evidence read as follows:

**Rule 401. Definition of "Relevant Evidence"**

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

**Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible**

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

**Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Also, in this circuit, personal involvement of the defendants in alleged constitutional deprivation is a prerequisite to an award of damages under Section 1983. Gill v. Mooney, 824 F.2d 192, 196 (2nd Cir. 1987); McKinnon v. Patterson, 568 F.2d 930, 934 (2nd Cir. 1977), cert. denied, 434 U.S. 1087 (1978); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2nd Cir. 1987); Black v. United States, 534 F.2d 524, 527 (2nd Cir. 1976). Supervisory responsibility alone is not enough to confer exposure to liability. Williams v. Smith, 781 F.2d 313, 323 (2nd Cir. 1986); Williams v. Vincent, 508 F.2d 541, 546 (2nd Cir. 1974). "A plaintiff must thus allege a tangible connection between the acts of the defendants and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2nd Cir. 1986). Title alone is not sufficient to expose a defendant to liability. See, Akil Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1063 (2nd Cir. 1989); McKinnon v. Patterson, supra.

In this matter, plaintiff's counsel last week told the court and defendants' counsel that plaintiff was stabbed, reportedly in a parking lot attack while he was visiting his probation officer. There is no proof of connection with this event and the events of the present case, which occurred in 1999, in prison in Somers, Connecticut. If it is plaintiff's contention that the assault is a result of his prison informant activity, it is most significant that no assaults are allege to have occurred in this matter for over 5 years and not until after recent nationwide publicity generated by plaintiff himself, or his representatives. As the court well knows, the first trial in this case ended on March 22, 2005, when the jury asked to be excused out of fear for its safety in view of plaintiff's testimony of his informing on his own gang and his belief of risk of retaliation by the gang against him. Contrary to the court's request that the matter not be publicized, plaintiff or

3

his representatives immediately gave press interviews describing his informant activity, which were picked up by national news services, including, but not limited to the Associated Press and CNN. The story was carried by television, newspapers and the internet across the nation. A sample of the press attention is included in proposed Defendants' Exhibit 509, a copy of which is attached. The assault followed. If plaintiff suspects his assault to be a Latin King hit in retaliation for his informant activity, knowledge of the activity was caused by plaintiff. It was, caused by his thirst for public attention in reckless disregard for his own safety, and not due to any conduct by the defendants. Accordingly, there is no reliable showing of relevancy or causal connection to the defendants.

Moreover, if admitted for whatever probative value the jury might or might not subscribe to it, the evidence of plaintiff's recent injury and the circumstances will, no doubt generate sympathy or fear with the jury which will outweigh any marginal probative value.

### **CONCLUSION**

For all of the foregoing reasons, testimony or demonstrative evidence of plaintiff's recent injury and evidence about its cause should be excluded.

                                              DEFENDANTS
                                              Warden Brooks, et al.

                                              RICHARD BLUMENTHAL
                                              ATTORNEY GENERAL


                                              By: _____/s/_____
                                              Robert F. Vacchelli
                                              Assistant Attorney General
                                              MacKenzie Hall
                                              110 Sherman Street
                                              Hartford, Connecticut  06105
                                              Tel. (860) 808-5450
                                              Fax (860) 808-5591
                                              e-mail: Robert.Vacchelli@po.state.ct.us
                                              Federal bar #ct05222


## **CERTIFICATION**

      I hereby certify that a copy of the foregoing motion was mailed this 3d day of May, 2005, to the following:


Joseph Merly, Esq.
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, Connecticut 06510


                                              _____/s/_____
                                              Robert F. Vacchelli
                                              Assistant Attorney General