UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GIBSON, III | : | |
| | : | |
| VS. | : | NO. 3:02CV1592(WWE) |
| | : | |
| WARDEN BROOKS and | : | |
| C.T.O. DIEFENDERFOR | : | MAY 12, 2005 |

## MOTION IN LIMINE TO PRECLUDE DEFENDANTS' EXHIBITS

The Plaintiff in this action, Joseph Gibson III, hereby moves to preclude the following exhibits as found on the Defendants' Exhibit List dated May 3, 2005:

504. Transfer Records;

505. Plaintiff's Movement Records;

507. Plaintiff's Conviction Records;

508. Expert Report, Dr. Suzanne (Ducate) Gentile, 9/30/04;

509. Newspaper Clippings.

With respect to Exhibits 504, 505 and 507, such records are completely irrelevant and immaterial and have absolutely no bearing whatsoever on the essential issue of this case, i.e., whether the Defendants violated Mr. Gibson's right to be free from cruel and unusual punishment in failing to prevent the assault upon him on September 16, 1999. The only reason that the defense would seek the introduction of such evidence is to inflame and prejudice the jury against Mr. Gibson by attempting to exploit his several incarcerations over the years. Such information is irrelevant and highly prejudicial to Mr. Gibson and has no tendency to make the

existence of a fact that is of consequence to the determination of the action more or less probable, which is the standard of relevance as found in 401 of the Federal Rules of Evidence.

Exhibit 508 is an expert report of Dr. Suzanne Gentile which the Defendants seek to introduce presumably in an effort to counter Mr. Gibson's claims of damages and various adverse effects upon him caused by the assault.

Said exhibit should be precluded as irrelevant and due to the fact that it is based on hearsay and would be cumulative of any purported expert testimony. Furthermore, as there will be no medical testimony offered by the Plaintiff with respect to the emotional effects of his injuries, any testimony or documentary evidence offered by the defense on such issues would be irrelevant, unnecessary and prejudicial.

With respect to Defendants' proposed Exhibit 509, Newspaper Clippings, the undersigned has never seen such proposed exhibit and has no idea what said clippings say or for what purpose they would be offered. However, any newspaper articles concerning the assault on the Plaintiff or its aftermath would be based on hearsay and would be irrelevant, prejudicial and cumulative and should therefor be disallowed.

WHEREFORE, the Plaintiff moves for an order precluding the aforementioned proposed exhibits in accordance with the above.

                                                                                                             THE PLAINTIFF,
                                                                                                             JOSEPH GIBSON, III

By: _____
    Joseph M. Merly, Esq.
    John R. Williams and Associates, LLC
    51 Elm Street, Suite 409
    New Haven, CT 06510
    Telephone No.: (203)562-9931
    Fax No.: (203)776-9494
    Federal Bar No. CT 21266

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 12th day of May, 2005 to the following counsel of record:

Robert F. Vacchelli, Esq.
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105

                                                      _____
                                                      Joseph M. Merly, Esq.
                                                      John R. Williams and Associates, LLC