UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GIBSON, III | : | |
| | : | |
| VS. | : | NO. 3:02CV1592(WWE) |
| | : | |
| WARDEN BROOKS and | : | |
| C.T.O. DIEFENDERFOR | : | MAY 12, 2005 |

## MOTION IN LIMINE RE PLAINTIFF'S ALLEGED ASSAULT OF INMATE

The Plaintiff in this action, Joseph Gibson III, hereby moves for an order precluding the defense from questioning any witness or arguing to the jury concerning an assault allegedly perpetrated by the Plaintiff on an inmate when he was incarcerated in April, 1997. In that incident, Mr. Gibson was accused by the Department of Corrections of having assaulted a fellow inmate. Any such alleged assault is not relevant under Rule 401 of the Federal Rules of Evidence and are therefor inadmissable under Rule 402. Furthermore, the prejudicial effect of such evidence far outweighs the probative value, if any, of any such evidence.

Rule 401 states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact *that is of consequence to the determination of the action* more probable or less probable than it would be without the evidence."(Emphasis supplied.)

This is a civil action for monetary damages brought against two former prison officials for their deliberate indifference to the Plaintiff's stated safety concerns which culminated in a life-threatening assault on him. The nature or circumstances of such an alleged assault either before or after the Plaintiff's sentence at Osborn Correctional Facility during 1999 is completely

irrelevant to the essential issues in this case. Such evidence fails to pass the test of relevancy as stated in Rule 401 in that such convictions have no tendency to make the existence of any fact of consequence to the determination of this action more or less probable.

The only reason that the defense would seek the introduction of such evidence is to inflame and prejudice the jury against Mr. Gibson and to attempt to portray him to the jury in the worst possible light. Such evidence simply has no bearing on whether the Defendants violated Mr. Gibson's right to be free from cruel and unusual punishment in failing to prevent the assault upon him. Such prejudicial effect far outweighs any possible probative value of such testimony or argument which value is remote in the extreme.

WHERFORE, the Plaintiff moves for an order precluding such questioning or argument in accordance with the above.

THE PLAINTIFF,
JOSEPH GIBSON, III

By: _____
Joseph M. Merly, Esq.
John R. Williams and Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Telephone No.: (203)562-9931
Fax No.: (203)776-9494
Federal Bar No. CT 21266

CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 12th day of May, 2005 to the following counsel of record:

Robert F. Vacchelli, Esq.
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105

_____
Joseph M. Merly, Esq.
John R. Williams and Associates, LLC