UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GIBSON, III | : | |
| | : | |
| VS. | : | NO. 3:02CV1592(WWE) |
| | : | |
| WARDEN BROOKS and | : | |
| C.T.O. DIEFENDERFOR | : | MAY 12, 2005 |

## MOTION IN LIMINE RE PLAINTIFF'S CRIMINAL CONVICTIONS

The Plaintiff in this action, Joseph Gibson III, hereby moves for an order precluding the defense from questioning any witness or arguing to the jury concerning any criminal convictions of Mr. Gibson which either predate or postdate the conviction for which he was incarcerated at the time of the attack upon him which gave rise to the instant action. Any such convictions are not relevant under Rule 401 of the Federal Rules of Evidence and are therefor inadmissable under Rule 402. Furthermore, the prejudicial effect of such testimony or argument far outweighs the probative value, if any, of any such testimony.

Rule 401 states that "'[r]elevant evidence'means evidence having any tendency to make the existence of any fact *that is of consequence to the determination of the action* more probable or less probable than it would be without the evidence."(Emphasis supplied.)

This is a civil action for monetary damages brought against two former prison officials for their deliberate indifference to the Plaintiff's stated safety concerns which culminated in a life-threatening assault on him. The nature, circumstances and even the very fact of convictions either before or after the Plaintiff's sentence at Osborn Correctional Facility during 1999 are completely irrelevant to the essential issues in this case. Such evidence fails to pass the test of

relevancy as stated in Rule 401 in that such convictions have no tendency to make the existence of any fact of consequence to the determination of this action more or less probable.

The only reason that the defense would seek the introduction of such evidence is to inflame and prejudice the jury against Mr. Gibson and to attempt to portray him to the jury in the worst possible light. Such evidence simply has no bearing on whether the Defendants violated Mr. Gibson's right to be free from cruel and unusual punishment in failing to prevent the assault upon him. Such prejudicial effect far outweighs any possible probative value of such testimony or argument which value is remote in the extreme.

WHERFORE, the Plaintiff moves for an order precluding such questioning or argument in accordance with the above.

                          THE PLAINTIFF,
                          JOSEPH GIBSON, III

By: _____
     Joseph M. Merly, Esq.
     John R. Williams and Associates, LLC
     51 Elm Street, Suite 409
     New Haven, CT 06510
     Telephone No.: (203)562-9931
     Fax No.: (203)776-9494
     Federal Bar No. CT 21266

CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 12th day of May, 2005 to the following counsel of record:

Robert F. Vacchelli, Esq.
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105

                                                                                                          _____
Joseph M. Merly, Esq.
John R. Williams and Associates, LLC