UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GIBSON, III, | : | No. 3:02CV1592 (WWE) |
| *Plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| WARDEN BROOKS, ET AL. | : | |
| *Defendants.* | : | MAY 18, 2005 |

**MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTIONS IN LIMINE**

By four Motions in Limine dated May 12, 2005 and received May 16, 2005, plaintiff asks this Court to preclude certain evidence in this case. The defendants' positions with respect to each are discussed seriatim.

**1.    Motion in Limine re Plaintiff's Criminal Conviction.**

Plaintiff asks the Court to preclude evidence of his convictions which either predate or postdate the conviction for which he was incarcerated at the time of the attack upon him which gave rise to the instant action.

On the day of the attack, September 16, 1999, plaintiff was serving time on one case of Weapon in an Institution (11-3-98 conviction, No. CR 97-183190) and nine Burglary 3d convictions (4-7-97 conviction, CR 93-84629; 2-4-94 convictions CR 93-155939, CR 93-155938, CR 93-155937, CR 93-155936, CR 93-155933, CR 93-155932, CR 93-155931, CR 93-155930). Copies of the judgments are contained in defendants' proposed exhibit 507. Another copy is attached in Exhibit A.

Apparently, plaintiff does not object to this evidence. Moreover, all of these convictions are relevant to the Eighth Amendment issue in this case, as that Amendment only applies to sentenced inmates. Ingraham v. Wright, 430 U.S. 651, 671-672 n. 40 (1977); Johnson v. Glick, 481 F.2d 1028, 1032 (2nd Cir. 1973) cert. denied 414 U.S. 1033 (1973). His sentences are relevant to show that he was a sentenced inmate, establishing the basis for Eight Amendment tests and not others. This evidence is also admissible on issues of credibility. Rule 609, F. R. Civ. P. It is not overly prejudicial. Indeed, plaintiff testifies about these convictions in his first trial.

Convictions remaining in contest are the 4-24-02 conviction in CR 01-504527 for Larceny 2d (3 yrs. to serve, 6 yrs. Special Parole). See proposed Exhibit 507. On convictions, Fed. R. Evid. 609 provides, in pertinent part:

> (a) General rule. For the purpose of attacking the credibility of a witness,
>
> (1) evidence that a witness … has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by … imprisonment in excess of one year …
>
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Rule 403, in turn, provides in full:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully.  James v. Tilghman, 194 F.R.D. 402, 405 (D. Conn. 1999) (citations and quotations omitted).  In the instant case, the conviction qualifies on the issue of credibility, and there is no reason to ignore it.

Accordingly, we urge the Court to deny this motion.

**2.      Motion in Limine re:  Plaintiff's alleged assault of an inmate.**

In this motion, plaintiff seeks an order precluding evidence of his assault on an inmate in 1997.  This is the same event which resulted in his 11-3-98 conviction in CR 92-183190 for Weapon in an Institution and Assault 3d.  This was a conviction for which he was serving time when he was assaulted.  While, ordinarily, evidence is limited to elicitation of the crime charged, the date, and the disposition, James v. Tilghman, supra at p. 405, the fact that plaintiff stabbed another inmate is relevant to the defense that plaintiff was not injured in 1999 due to any neglect by defendants, but due to his own voluntary engagement in a cult of violence.  He was a Latin King enforcer, who stabbed other inmates, and who, in turn was stabbed for refusing to pay a secret prison debt to the gang.  This private conduct, unrelated to his informant work, caused this injury.  The evidence is relevant and admissible under Rule 402, F. R. Evid., and it is not overly prejudicial.  It should be allowed.

**3.      Motion in Limine to Preclude Defendant's Exhibits**

In this motion, plaintiff objects to certain of defendants' proposed exhibits.

Plaintiff objects to Exhibit 504, transfer records, copy attached in Exhibit B, claiming that these records are prejudicial in that they exploit his incarceration.  This is not correct.  The records do not concern plaintiff's incarceration.  These records concern the transfer of inmates

Colon and Perez, the only inmates whom plaintiff identified as persons in danger of assault in September 1999. Exhibit 504, together with Exhibit 503, both of which are attached in Exhibit B, tell the story. It shows that they were transferred to safety when plaintiff gave information that they were in danger. This evidence is relevant to the defense that defendants would have done the same for plaintiff if he said he was in danger, but he did not say he was in danger. The evidence is relevant under Rule 402, F. R. Evid. and should be allowed. It also shows that when plaintiff gave information, it was duly recorded and action taken. Defendants did not record and take action on plaintiff's claims that he was to be assaulted because no such information was give. The given information was recorded in Exhibit 503 and 504. The evidence is relevant under Rule 402, F. R. Evid., and not overly prejudicial. It should be allowed.

    Plaintiff objects to Exhibit 505, his movement records, attached in Exhibit C, again claiming it exploits his incarceration. The record is relevant and critical to plaintiff's Eighth Amendment claim as that amendment is only applicable to sentenced inmates. The record shows that he was a sentenced inmate at the time of the assault. It is also necessary to the defense that plaintiff failed to file a grievance required by the Prisoner Litigation Reform Act. Under the Act, prisoners are required to file a grievance before they can file suit, unless the suit is filed after they are released. See, Greig v. Goord, 169 F.3d 165 (2nd Cir. 1999). The movement records show that plaintiff was a prisoner at the time of the assault, was in prisoner afterward during which time he could have field a grievance, and that he was a prisoner when this lawsuit was filed. He was, therefore required to file a grievance. Other evidence will show he did not file a grievance. Thus, the movement records are relevant and critical to the defense and are therefore relevant under Rule 402, F. R. Civ. P. They are not overly prejudicial.

Plaintiff objects to his conviction records being allowed. The Records are in Exhibit 507, attached in Exhibit A. As shown in point 1 above, his conviction information is admissible under Rule 609, F. R. Evid. The records themselves are relevant unless plaintiff admits to his conviction record.

As to Exhibit 508, Dr. Gentile's Report, attached in Exhibit D, plaintiff objects to the report as cumulative and hearsay and irrelevant as plaintiff will offer no medical testimony. We ask the Court to defer ruling on this point as the proffer may be withdrawn depending on the course of trial.

As to Exhibit 509, newspaper clippings attached in Exhibit E, the defendants agree that the evidence will be unnecessary if the Court precludes evidence of plaintiff's April, 2005 stabbing. If the recent stabbing evidence is admitted, however, the newspaper clippings are relevant to defendants' defense that this recent assault was caused by plaintiff's publicity over his informant activities, and that the defendants did not participate in, nor are they responsible for, that publicity or assault.

**4.      Motion in Limine re:  Plaintiff's Present Incarceration.**

Plaintiff also asks the Court to bar evidence disclosing that plaintiff is presently incarcerated. He is back in prison due to a recent drug related arrest, we are told.

Mr. Gibson is presently at the Cheshire Correctional Institution in protective custody, a status that he has been in, every time he is incarcerated, since the assault in 1999. This fact is relevant to the veracity of plaintiff's claim that he was intentionally kept in general population despite knowledge that he was in danger. The plaintiff, like all inmates, is put in protective custody when he is in danger, as his present status proves. He was allowed to remain in general

population in September, 1999, because he was not believed to be in danger, and he gave no information indicating to the contrary. Accordingly, his present incarceration status is relevant to the defense and admissible under Rule 402, F. R. Civ. P. and not overly prejudicial.

For all of the foregoing reasons, we urge the court to deny plaintiff's motions in limine.

          DEFENDANTS
          Warden Brooks, et al.

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL

BY: _____/s/_____
      Robert F. Vacchelli
      Assistant Attorney General
      MacKenzie Hall
      110 Sherman Street
      Hartford, Connecticut  06105
      Tel. (860) 808-5450
      Fax (860) 808-5591
      e-mail: Robert.Vacchelli@po.state.ct.us
      Federal bar #ct05222

## **CERTIFICATION**

I hereby certify that a copy of the foregoing motion was mailed this 18th day of May, 2005, to the following:

Joseph Merly, Esq.
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, Connecticut 06510

                                                                                                                      /s/
                                                                                                                  Robert F. Vacchelli
                                                                                                                  Assistant Attorney General