UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH GIBSON, III                         :          CIVIL NO. 3:02CV1592 (WWE)

    v.                                          :

WARDEN BROOKS, ET AL.                 :          MAY 20, 2005

## MOTION TO QUASH SUBPOENA, MOTION FOR PROTECTIVE ORDER AND OBJECTION TO SUBPOENA

The defendants, Warden Brooks, et al., by and through their undersigned counsel, respectfully request the court to quash the Subpoena, dated May 18, 2005, issued by plaintiff in the above case.  A copy of the subpoena is attached in Exhibit A.  The defendants object to the subpoena, and/or request a protective order concerning disclosure and use of items requested, pursuant to Rule 45(a)(3) and Rule 26(c), F. R. Civ. P, for the following reasons.

1. Delay

This case is a civil rights action by Inmate Joseph Gibson complaining that the defendant prison officials failed to protect him from other inmates while he was working as a confidential informant in the prison.  He claims he told an officer that four inmates were out to get him, and that the prison officials moved three, but failed to move the final one in time.  By his subpoena date May 18, 2005, plaintiff seeks a broad range of records from the prison of unknown relevance to the plaintiff.  It is too late to engage in such a discovery effort.  The time for discovery ended on July 13, 2003.  See Endorsement on Motion to Extend Time, Docket No. 16.  Plaintiff was to share, mark and file his exhibits 3 days prior to the final pre-trial conference or risk preclusion.  See Final Pre-Trial Order, September 30, 2004.  The pretrial conference was held on February 28, 2005.  These documents were not shared, marked or filed.  After the first

mistrial, plaintiff was required to file their list of exhibits no later than May 3, 2005. See Calendar, Docket No. 81. These documents were not listed. Plaintiff should not be allowed to defy all court deadlines designed to insure a fair discovery process. Plaintiff has already been permitted to do this once. On March 31, 2005, plaintiff moved for more time to conduct discovery, a request that was granted, over objection of the defendants. The defendants produced the records requested, that they could locate, within a few days after the April 26, 2005, order. Perhaps emboldened by his previous success, the plaintiff has now directly subpoenaed records never before identified or even discussed. This new, unilateral move by plaintiff is not within the bounds of the discovery deadlines or the earlier court order.

Moreover, the defendants are prejudiced by the tactic. The subpoena was served on May 19, 2005, without notice to counsel. The defendants are now in the position of having to guess at the relevancy of the documents, and guess at how they can respond at trial, all within two work days of trial. This ambush should not be allowed. Delay alone is grounds for denying this discovery move. See, Courdert v. Janney Montgomery Scott, LLC, 20004 U.s. Dist. LEXIS 21135 (D.Conn. 2004) citing Lillibask ex rel Mauclaire v. Sergi, 193 F. Supp. 2d 503, 516 (D. Conn. 2002). Plaintiff did not issue any interrogatories or requests for production in this case and did not depose any witnesses. He failed to comply with defendants' discovery requests and suffered the sanction of having his medical expert excluded. See Order of March 21, 2005, Docket # 68. This subpoena effort is too late, a surprise to the defendants, and should be quashed.

2. Privilege

Particularly with regard to the records for Inmate Estrada, there is no known connection between this inmate and the plaintiff. Disclosure of the transfer records, restrictive housing

2

orders and incident reports of this inmate will invade his privacy and jeopardize his safety as the material discusses his prison enemies.  The disclosure should be denied.  In the event its disclosure is permitted, however, we urge the court to review the material produced in camera for any possible relevancy and to allow disclosure, if at all, only if the names and identifiers of all inmates are redacted.

With regard to probing for inmate witnesses, it is well settled that security and personal safety is the most central of all correctional goals.  See e.g. Hudson v. Palmer, 468 U.S. 517, 524 (1984); Bell v. Wolfish, 441 U.S. 520, 540 (1979); Turner v. Safley, 482 U.S. 78, 85 (1987); O'Lone v. Shabazz, 482 U.S. 342, 348 (1987).  The potential retaliation against inmates interviewed and named on incident reports weighs extremely heavily against disclosure.  See Cullen v. Margiotta, 811 F.2d 698, 716 (2d Cir. 1987) (potential for retaliation against interviewees was sufficient to deny disclosure; strength of privilege is greater in civil litigation than in criminal.").  To overcome this privilege, the plaintiffs have an extremely heavy burden. United States v. Jimenez, 789 F.2d 167, 170 (2d Cir. 1986).  "Plaintiffs must show that the information sought is both relevant and essential to the presentation of the case on the merits." (Emphasis added).  Cullen v. Margiotta, supra at 716; United States v. Russotti, 746 F.2d 945, 949-950 (2d Cir. 1984).  Plaintiffs must also demonstrate that the need for disclosure outweighs the need for secrecy.  United States v. Lilla, 699 F.2d 99, 105 (2d Circ. 1983); United States v. Manley, 632 F.2d 978, 985 (2d Cir. 1980), cert. denied, 449 U.S. 1112 (1981); In re United States, 565 F.2d 19, 22-23 (2d Cir. 1977), cert. denied, 436 U.S. 962 (1978).

In the instant case, there is no demonstration of the probative value of this material, and we urge the court to quash the subpoena, or allow only redacted disclosure.

DEFENDANTS
Warden Brooks, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:    _____/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591


## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed to the following on this 20th day

of May, 2005:


Joseph Merly, Esq.
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT  06510


_____/s/_____
Robert F. Vacchelli
Assistant Attorney General