UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GIBSON, III | : | CIVIL NO. 3:02CV1592 (WWE) |
| v. | : | |
| WARDEN BROOKS, ET AL. | : | DECEMBER  21, 2005 |

### DEFENDANTS' MOTION FOR CORRECTION
### OR MODIFICATION OF THE RECORD

The defendants, Warden Brooks, et al., by and through their undersigned counsel and pursuant to Rule 10(e), F.R.App.P., respectfully request the District Court to correct or modify the record in the above case by adding to the record the Juror Biographical Report of March 3, 2005 and Juror Biographical Report of May 2, 2005 supplied to counsel for the jury selections in the above case.   The documents are necessary to resolve an issue on appeal.   Defendants reproduced these records in an Appendix to their brief on appeal, but the Clerk's Office at the Court of Appeals is not currently accepting that appendix because the Juror Biographical Reports are not technically part of the record.   We have filed a Motion for Leave to File Appendix in the Court of Appeals, but disposition of the instant Motion by the District Court is also necessary. We ask the District Court to order that the documents be made part of the record and to order the District Clerk to certify and number them and send them to the Circuit Clerk along with the District Court's order on this motion in a Supplemental Record.

The issue on appeal is whether the District Court erred in declaring a mistrial during the first trial of this case.   Plaintiff-appellant argues in his brief, in part, that no mistrial should have been declared after the jury became frightened after hearing the facts because "… those facts

were not going to change at the retrial and the court apparently gave no consideration to the necessity or desirability of increased security precautions.  Indeed, none was invoked at the second trial."  Plaintiff's Brief, pp. 10-11, Attachment A.  In response, defendants pointed out in their brief that the District Court reflected on the need for new measures to protect a new jury and the new jury was selected without reference to their residences or employers.  Defendants' Brief, pp. 10-11, Attachment B.  To prove this fact, defendants filed their brief with an attached appendix which included the Juror Biographical Reports to show the differences.  <u>See</u> Defendants' Brief, Appendix A, D.  The Circuit Clerk has refused to accept the appendix in part because the Juror Biographical Reports were not in the record.  Facts must be in the record.  Rule 28(a)(7).

The question of whether the District Court made changes in jury selection for the second trial was put in issue by the plaintiff for the first time in his brief, and the proof what the District Court did is, thus, an important point on appeal.  The point cannot be resolved accurately unless the Juror Biographical Reports are made part of the record and shown to the Court of Appeals.  These documents were not made part of the record during trial because plaintiff made no objection to the mistrial during trial and the subject of extra security was first raised in plaintiff's brief on appeal.  A correction or modification of the records at this time is, therefore, appropriate and necessary.  Corrections or modifications of the record by the District Court are permitted under Rule 10(e), F.R.App.P., which provides:

**(e)     Correction or Modification of the Record.**

(1)     If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2)    If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

    (A)    on stipulation of the parties;

    (B)    by the district court before or after the record has been forwarded; or

    (C)    by the court of appeals.

(3)    All other questions as to the form and content of the record must be presented to the court of appeals.

Rule 10(e), F.R.App.P.

In the instant case, the record, as it stands, does not truly disclose what occurred in the District Court with respect to the need for re-selection of a jury with additional precautions, and the actual precautions taken. No steps were taken earlier to include the omitted information in the record because plaintiff did not raise the issue until after appeal in his brief. The omission can and should be corrected now to permit the Appellate Court to resolve the appeal with accurate information as to what transpired. Rule 10(e) permits the District Court to conform the record to truly disclose what occurred and to correct omissions.

Accordingly we urge the District Court to order the District Clerk to add to the record in this case the Juror Biographical Report of March 3, 2005 and the Juror Biographical Report of May 2, 2005 and to order that the documents be certified and numbered and sent to the Circuit Clerk along with the District Court's order on this Motion in a Supplemental Record.

DEFENDANTS
Warden Brooks, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:    _____/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591


**CERTIFICATION**


I hereby certify that a copy of the foregoing was mailed to the following on this 21st day

of December, 2005:


John R. Williams, Esq.
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT  06510


_____/s/_____
Robert F. Vacchelli
Assistant Attorney General