**MANDATE** UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 12th day of April, two thousand and six.

PRESENT:

    JOSÉ A. CABRANES
    SONIA SOTOMAYOR
    REENA RAGGI
        *Circuit Judges*

------------------------------------------x

JOSEPH GIBSON, III,

        *Plaintiff-Appellant*,

v.                                                                                    No. 05-3409-cv

WARDEN LESLIE BROOKS AND CORRECTIONAL
TREATMENT OFFICER DIEFENDERFOR,

        *Defendants-Appellees*,

LIEUTENANT WILLIAM KING,

        *Defendant*.

------------------------------------------x

| APPEARING FOR APPELLANT: | John R. Williams, New Haven, CT |
|---|---|
| APPEARING FOR APPELLEES: | Robert F. Vacchelli, Assistant Attorney General (Richard Blumenthal, Attorney General of |

Issued as Mandate:

MAY 3 2006

1

>  the State of Connecticut, *on the brief*), Office of the Attorney General of the State of Connecticut, Hartford, CT

Appeal from an order of the United States District Court for the District of Connecticut (Warren W. Eginton, *District Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-Appellant Joseph Gibson, III, appeals from a March 22, 2005 decision of the District Court ordering a mistrial in a § 1983 action brought by plaintiff for recovery of damages arising from alleged violations of his Eighth Amendment rights while incarcerated at Osborn Correctional Institution in 1999. On the morning of March 22, 2005—which was scheduled to be the second day of trial—the originally empaneled jurors informed the District Court that, in light of the violent facts presented during earlier testimony and their having disclosed personal information during the jury selection process, they felt that they could not return a fair verdict due to fears that they might become targets of violent reprisal. The District Court responded by dismissing the unwilling jury and conducting a retrial with a new jury serving under conditions of greater anonymity. On May 25, 2005, the second jury returned a unanimous verdict in favor of defendants.

Because the only relief sought by plaintiff is a remand for a new trial, and because plaintiff has *already received* the benefit of a retrial (albeit one that resulted in an unfavorable outcome), we hold that plaintiff's appeal is moot and must be dismissed. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987) ("Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case . . . ."). In doing so, we reject plaintiff's contention that the District Court's order denied him the constitutional right "of another attempt at trying his case before a favorably-disposed jury." Br. of Pl., at 14.

\*    \*    \*    \*

We have considered all of plaintiff's arguments and found each of them to be without merit. Accordingly, the March 22, 2005 decision of the District Court is **AFFIRMED**.

> FOR THE COURT,
> Roseann B. MacKechnie, Clerk of Court
>
> By: /s/ Lucille Carr

A TRUE COPY
Roseann B. MacKechnie, Clerk
/s/ Angela [illegible]
DEPUTY CLERK

2